Foss v. Hazen.

APPEAL from the district court for Holt county: R. R. DICKSON, JUDGE. *Affirmed.*

*M. F. Harrington,* for appellant.

*Byron Clark, Jesse L. Root, L. C. Chapman* and *J. W. Weingarten, contra.*

ROSE, J.

---

CHARLES S. FOSS, APPELLEE, v. ROY R. HAZEN, APPELLANT.

FILED MAY 1, 1915. No. 18115.

Appeal: CONFLICTING EVIDENCE. Where there is a substantial conflict in the proofs on controverted issues, a verdict responding thereto will not be set aside for insufficiency of the evidence, unless clearly wrong.

APPEAL from the district court for Boyd county: R. R. DICKSON, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown* and *D. A. Harrington,* for appellant.

*John A. Davies, contra.*

ROSE, J.

This is an action for money had and received, the amount demanded being $300 and interest from March 22, 1909. The answer is a general denial. A verdict was rendered in favor of plaintiff for $372.89, and from a judgment thereon defendant has appealed.

The principal assignment of error is that the verdict is not supported by the evidence. It is shown without dispute that defendant drew a sight draft on plaintiff March 22, 1909, for $600, and that it was presented and paid. Half of that sum was afterward returned to plaintiff. On his behalf there is testimony tending to prove that the parties, for his benefit, had been negotiating for an equity in a quarter section of land in Boyd county for $600; that he was called to the telephone March 22, 1909, from defendant's office, was told that the owner of the land wanted to close the deal, and was asked if a sight draft for $600 would be accepted; that plaintiff consented to honor it; that defendant afterward took the deed in his own name as grantee, and never transferred the title to plaintiff. On the other hand, there is testimony tending to show that the negotiations resulting in plaintiff's payment of the sight draft were conducted on behalf of defendant's brother; that it was the latter who had paid plaintiff $300, and that there had been subsequent demands upon him by plaintiff for the payment of the remainder. The evidence, though conflicting, is sufficient to sustain findings in favor of plaintiff on the issues of fact. They are therefore settled by the verdict.

Exclusion of a letter offered in evidence is challenged, but its relevancy and error in excluding it are not affirmatively shown.

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.